GEORGE DIVILBISS, Administrator of Nathan'l C. Divilbiss, deceased, Plaintiff in Error, *v.* JAMES S. WHITMIRE, Assignee of D. J. Stewart, Defendant in Error.

#### ERROR TO MARSHALL.

The return to a summons in chancery, which states service by delivering a true copy to the within named, etc., he being a white person over ten years old, on, etc., as within commanded, is a nullity, and no default can be taken upon it.

THIS was a bill in chancery, filed in the Marshall Circuit Court, in March, 1856, by Whitmire, as assignee of Stewart, against Nathaniel C. Divilbiss, who is now deceased. A summons was issued, and returned as set out in the opinion. Upon this return a default was taken, and a decree of foreclosure by default was entered upon it.

N. H. PURPLE, for Plaintiff in Error.

J. CLARK, for Defendant in Error.

BREESE, J. It is only necessary to advert to the first error assigned, which is, "Rendering a decree by default against the defendant, there being no service of process on him, and no equity on the face of the bill."

The summons is in the usual form, against Nathaniel C. Divilbiss, and the return upon it is as follows:

I have served this writ by delivering a true copy of the same to the within named James Divilbiss, he being a white person over 10 years old, on this second day of May, A. D. 1856, as within commanded.

> A. GARDNER,
> *Sheriff Marshall County, Ill.*

The seventh section of the Chancery Practice Act, (R. S., chap. 21,) is as follows:

"Service of summons shall be made by delivering a copy thereof to the defendant, or leaving such copy at his usual place of abode with some white person of the family of the age of ten years or upwards, and informing such person of the contents thereof, which service shall be at least ten days before the return day of such summons."—p. 94.

This return is so destitute of all these important requirements as to render it unnecessary to expend words about it—it is a perfect nullity. *Townsend et al.* v. *Griggs*, 2 Scam. R. 366; *Montgomery et al.* v. *Brown et al.*, 2 Gilm. R. 584. The de-

28

fendant not having been served with process, his default was improperly entered, and the final decree thereon irregular and erroneous.

The decree is reversed, and the cause remanded.

*Decree reversed.*